**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-22-CR-01664-DCG** |
| | § | |
| **BRAYAN CALDERON CHAVEZ,** | § | |
| | § | |
| **Defendant.** | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND ORDER**

TO THE HONORABLE JUDGE OF SAID COURT;

The United States of America, by and through the United States Attorney for the Western District of Texas, respectfully submits this its response to Defendant's Supplemental Brief in Support of Defendant's Motion to Dismiss and Order.

## Restatement of Procedural Background

On September 15, 2022, Mr. Brayan Calderon-Chavez (Calderon), a Mexican citizen applied for admission into the United States from Mexico as a pedestrian at the Paso Del Norte Port of entry. Calderon said he was a United States citizen, born in Arizona. He said he was robbed in Mexico and his license was taken. Customs and Border Protection (CBP) Officer's data base queries using the name given by Calderon resulted in negative results. The CBP Officer attempted to refer Calderon to Passport control Secondary (PCS). Calderon refused to go and had to be escorted to PCS.

At PCS Calderon admitted he was a citizen of Mexico, born in Puerto Penasco. After

being warned of his rights, Calderon said he was not in possession of any documents to allow him to enter, reside, or seek employment in the United States. Calderon provided his true name and date of birth. Further data base inquiries showed he was removed from the United States to Mexico on August 13, 2020.

Based on the initial false or fictitious name Calderon had given, a criminal complaint charging a violation of Title 18 United States Code § 1546 was filed against him. On September 22, 2022, Magistrate Judge granted the government's Motion to Detain, finding Defendant Calderon-Chavez to be a danger to the community and a flight risk, ECF No. 9. On October 12, 2022, an El Paso federal Grand Jury returned an Indictment against Calderon charging him with violating 8 United States Code § 1326(a) & (b)(1), Attempted Illegal Re-Entry, Count One and 18 United States Code § 1546(a), False Personation in Immigration Matter, Count Two, ECF No. 10. The record in this case does not show that Defendant Calderon-Chavez was ever arraigned on the Indictment.

On October 20, 2022, through counsel, Calderon filed a Motion for Psychiatric Exam, ECF No. 16. The next day the Court issued its Order granting the Motion, ECF No. 17. Calderon was examined by Dr. Cynthia Rivera and her Report was November 15, 2022, ECF No. 18. On November 17, 2022, the Court held a Competency Hearing, wherein, based on Dr. Rivera's report, Calderon was found to be incompetent, ECF No. 21. On November 18, 2022, the Court issued an Order of Temporary Commitment, ECF No. 20.

The Court ordered Defendant Calderon-Chavez committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d) to be hospitalized in a suitable facility for a reasonable period of time, not to exceed four (4) months to determine whether there is a substantial probability that in the foreseeable future Defendant will regain

his competency so that the court proceedings can continue.

In its Order the Court held that pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A) the period of time required for trial of Defendant shall be tolled from the date of the instant order until the results of said psychiatric examination are received by the Court and Defendant Calderon-Chavez is found competent in a hearing held under 18 U.S.C. § 4241(d).

Defendant has been in United States Marshal's custody approximately seven months awaiting designation to a Bureau of Prisons (BoP) hospital for psychiatric evaluation and treatment to restore his competency. Defendant's time in custody has not been unreasonable. There are four BoP facilities operating as both outpatient and inpatient forensic sites and conduct forensic evaluations under 18 U.S.C. §§ 4241(b), 4241(d), 4242, 4243, 4246, and 4248. They are FMC Butner, USMCFP Springfield, FMC Devens, and FMC Carswell (females only). Those sites are the only BoP facilities that conduct competency restoration. The wait time for 4241(d) evaluation and restoration treatment has averaged four to six months but according to the U.S. Marshal's Service, has increased of late. Obviously, the number of court ordered individuals awaiting evaluation and restoration, the number of bed spaces, and staffing levels contribute to the delays.[1].

The undersigned has been informed that Defendant Calderon-Chavez should be transferred to FMC Butner in mid-August.

On June 23, 2023, counsel for Calderon filed a Motion to Dismiss and Order, ECF No. 22, requesting the Court dismiss the Indictment against Calderon. The arguments raised in

[1] Undersigned counsel has received this information from Dr. Dia Boutwell, Forensic Evaluation Coordinator for the BoP. And ??, Deputy U.S. Marshal who coordinates the transfers of those individuals ordered for restoration treatment from El Paso to BoP facilities.

Calderon's Motion are two-fold, He claims the case has exceeded the permissible time under the Speedy Trial Act and "alternatively", the failure to comply with Title 18 § 4241 and Calderon's continued detention violates due process.

## Legal Argument

### The Speedy Trial Issue

The Speedy Trial Act ("STA"), 18 U.S.C. § 3161, requires that a defendant "must be brought to trial within seventy days after the indictment or arraignment (whichever comes later) of the last defendant." *United States v. King,* 483 F.3d 969, 972 (9th Cir. 2007). Pursuant to 18 U.S.C. § 3161(h) certain times are excluded from the STA's seventy-day period. 18 U.S.C. § 3161(h)(1)(A) excludes "any period of delay resulting from any proceeding, including any examination, to determine the mental competency or physical capacity of the defendant." And more specifically to Defendant Calderon-Chavez, 18 U.S.C. § 3161(h)(4) excludes "Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." This, the Court recognized when it issued its Order of Temporary Commitment tolling the time from the date of the order until the results of the psychiatric exam are received and Defendant is found competent, ECF No. 20.

In *United States v. Romero,* 833 F.3d 1151 (9th Cir. 2016), the Ninth Circuit held: "On its face, this provision [18 U.S.C. § 316l(h)(4)] is absolute; any period during which trial cannot commence because of a defendant's incompetence must be excluded." *Id.* at 1154**.** In support of its conclusion, the Court looked to the legislative history quoting, "provides for the exclusion from the time limits between arrest and trial of the period during which a defendant is incompetent to stand trial." *Id.* at 1154 (citing H.R. Rep. No. 93-1508, at 33 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7401, 7426).

The *Romero* Court, at 1155, citing *United States v. Tinklenberg*, 563 U.S. 647 (2011) in support of its conclusion, said, “The Supreme Court has repeatedly and consistently recognized that ‘the criminal trial of an incompetent defendant violates due process’ (citations omitted). Given this foundational principle of our criminal justice system, it would make little sense to require a district court to inquire into the applicability of § 3161(h)(4) in individual cases. Rather, given that a defendant’s incompetence makes a trial impossible in every instance, § 3161(h)(4) applies upon a finding of incompetence ‘as a matter of definition and irrespective of how a court may view it in a particular case.’” (quoting *Tinklenberg at 654).*

To resolve the dichotomy between § 3161(h)(4) and § 3161(j)(1)(F) the *Romero* Court, at 1156 said,

> The presumption that delays in excess of ten days are “unreasonable” is best understood merely to preclude the application of the transportation exclusion itself to the additional time. Where, as here, a different exclusion provision also applies, nothing in the statute suggests that it should not operate as usual.

*See also, United States v. Murphy*, 2020 WL 1813247 (D. Oregon, April 9, 2020) and *United States v. Weisman,* 2023 WL 3816945 (D. Oregon June 5, 2023).

In *United States v. Bauman 2008 WL* 5111135 (D. Kan. Dec. 4, 2008) at 2-3, a case in which the defendant was detained for six months without care the Court said,

> The parties do not dispute that Defendant had been declared mentally incompetent in November of 1999 and was not declared mentally competent until March of 2004. As such, the delay [of six months when defendant received no care because of administrative oversight], was primarily the result of this Court's finding of mental incompetency, which is explicitly excluded under § 3161(h)(4). The delay in treatment was subsidiary to the prior finding that Defendant was mentally incompetent.
>
> This result is dictated by a plain language reading of the Act. By drafting § 3161(h)(4), Congress clearly intended to create a specific period of excludable time when a Defendant is mentally in-

> competent. As such, when a defendant has been declared mentally incompetent, § 3161(h)(4) trumps other sections of the Act, including § 3161(h)(1)(H), the provisions of which do not require a finding of mental incompetency.

In *United States v.* DeDideo, 2004 WL 1240669 (E.D. Pa. May 18, 2004) reconciling § 3161(h)(1)(H) with § 3161(h)(4) said,

> This result is dictated by a plain language reading of the Act. By drafting § 3161(h)(4), Congress clearly intended to create a specific period of excludable time when a Defendant is mentally incompetent. As such, when a defendant has been declared mentally incompetent, § 3161(h)(4) trumps other sections of the Act, including § 3161(h)(1)(H), the provisions of which do not require a finding of mental incompetency.

**Conclusion**

The government believes the forgoing reasoning in the cases cited above clearly indicates that the Court's ruling, in its Order of Commitment Pursuant to 18 U.S.C. §4241(d), ECF No. 20, stating, "…. The time required for trial of the Defendant shall be tolled from the date of the instant order until the results of said psychiatric examination are received by the Court and the Defendant is found competent to proceed to trial in a hearing pursuant to
18 U.S.C. § 4247(d), …."

The government respectfully requests the Court deny Defendant's Motion to Dismiss the Indictment. Should the Court rule otherwise, the government respectfully requests the Court

dismiss the Indictment without prejudice.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By: *Stanley M. Serwatka*
STANLEY M. SERWATKA
Assistant U.S. Attorney
Texas Bar #18038400
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on the August 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participant:

Alex A. Melendez,
Attorney for Defendant

/s/
Stanley M. Serwatka
Assistant U.S. Attorney